# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,
    Plaintiff,

vs.

EDWARD COOK, et al.,
    Defendants.

Case No. 1:12-cv-930

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Defendant Edward Cook has filed a pro se notice of removal of a state court civil action to the United States District Court.  By separate Order issued this date, Mr. Cook has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of defendant's notice, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter.  *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

The removal petition alleges that Mr. Cook is a party-defendant to a state court civil action initiated in the Hamilton County, Ohio Court of Common Pleas.  The attachments to the notice reflect a complaint in foreclosure against defendant was filed by PNC Bank, National Association on November 2, 2011.  (*See* Doc. 1, Ex. A: *PNC Bank, National Association v. Edward Cook, et al.,* Case No. A1108756 (Hamilton County, Ohio Court of Common Pleas)).[1]  A judgment and decree in foreclosure was entered against defendants on March 19, 2012.  On December 5, 2012, Mr. Cook filed a notice of appeal to the Ohio Court of Appeals.  Mr. Cook's appeal remains pending before the Ohio appellate court.

Mr. Cook contends that he has been denied his due process and equal protection rights

---

[1] Also found at http://www.courtclerk.org under Case No. A1108756.

during the state court proceedings.  (Doc. 1, Notice pp. 3-4).  Specifically, Mr. Cook claims that plaintiff "is not proceeding in the manner required by the Code of Civil Procedure" and the rules of evidence requiring that evidence be authenticated prior to being admitted.  *Id.* at 4.  As a result, he claims to have been dispossessed of his property without due process of law.   He further asserts that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1441(a), 1443, and 1446.

Removal is improper for several reasons.  First, 28 U.S.C. § 1446(b) requires that the notice of removal of a civil action shall be filed within 30 days of receipt of the initial pleading. 28 U.S.C. § 1446(b)(1).   In this case, it appears Mr. Cook has failed to meet this requirement, as the state court docket report indicates that he was issued service on November 11, 2011 and did not file his notice of removal until December 12, 2012.   Therefore, he is time barred.   Even if the removal was not time barred, for the reasons set forth below the Court lacks jurisdiction.

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part:   "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a).   Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).   The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case.  *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).   The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court.   *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

To the extent Mr. Cook premises removal on the basis of the Court's diversity jurisdiction, Mr. Cook is a resident of Ohio and may not remove the state court action on this basis.  Removal based on diversity of citizenship is proper only where the defendant is not a citizen of the forum state.  The removal statute limits removal of actions premised on diversity jurisdiction to cases where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Thus, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal.  *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989).  Because Mr. Cook is an Ohio citizen, removal is barred under section 1441(b).

In addition, the Court cannot discern a basis for federal question jurisdiction in this matter. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In determining whether an action has been properly removed to federal court, the Court must examine the face of the plaintiff's well-pleaded complaint.  Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint.  *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law.  *See Caterpillar*, 482 U.S. at 392.  In addition, "it is now settled law that a

3

case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 915.

Mr. Cook has failed to establish that this Court has original federal question jurisdiction over this case. The state court complaint attached to Mr. Cook's notice of removal does not show this case arises under the Constitution or laws of the United States. Mr. Cook claims that he has been denied his due process and equal protection rights during the state court proceedings. (Doc. 1, Notice pp. 3-4). However, even if Mr. Cook asserts a federal defense to the state court foreclosure action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12.

The Court likewise is without removal jurisdiction under 28 U.S.C. § 1443. Section 1443(1) allows a civil action commenced in state court to be removed to federal court if a defendant "is denied or cannot enforce in the courts of such State a right under a law providing for . . . equal civil rights." Under this provision "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (internal citations omitted). The laws justifying removal under § 1443(1) are limited to those guaranteeing racial equality. *See Georgia v. Rachel,* 384 U.S. 780, 786-94 (1966). "Only when State laws violate 'equal civil rights' based on racial grounds is § 1443(1) applicable. Broad general allegations of deprivation of civil rights are not sufficient to permit removal." *State of Ohio v. Denman*, 462 F.2d 1292, 1292 (6th Cir. 1972) (citations omitted). In addition, removal under 28 U.S.C. § 1443(1) is limited to

4

those persons who are unable to enforce their right to racial equality because of some formal expression of state law. *Rachel*, 384 U.S. at 803.

In the present case, Mr. Cook fails to allege facts showing any violation of a federal right to racial equality. Mr. Cook does not allege any racial discrimination, nor do his broad contentions under the Due Process and Equal Protection Clauses support a claim for removal under § 1443. *See Denman*, 462 F.2d at 1292. *See also*, *St. James Associates v. Larsen*, 67 F. App'x 684, 686 (3rd Cir. 2003) (finding that the general guarantees of the Due Process and Equal Protection Clauses do not include the specific language of racial equality required by § 1443). Mr. Cook fails to identify any policy of the law of the State of Ohio that denies him the right to equal treatment on account of his race. Moreover, he has not demonstrated that the Ohio Courts will not adequately protect him from racial discrimination. Accordingly, the Court is without removal jurisdiction under section 1443(1).[2]

Accordingly, in sum, the Court lacks subject matter jurisdiction over this case. Mr. Cook's petition for removal should be denied, this matter should be dismissed from the docket of the Court, and the case should be remanded back to the state court.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for removal of a state court action to this federal court should be **DENIED.**

2. This matter should be dismissed from the docket of the Court.

3. This matter should be **REMANDED** back to the state court. *See* 28 U.S.C. § 1447(c).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

---

[2] Section 1443(2) is inapplicable in the instant case as this subsection confers the privilege of removal only upon federal officers or agents (first clause) or state officers (second clause). *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 and n.22 (1966).

appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Mr. Cook leave to appeal *in forma pauperis*.   Mr. Cook should also be advised that he remains free to apply to proceed *in forma pauperis* in the Court of Appeals.   *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,
    Plaintiff,

vs.

EDWARD COOK, et al.,
    Defendants.

Case No. 1:12-cv-930

Barrett, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).