UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PNC BANK, NATIONAL
ASSOCIATION,

    Plaintiff,

EDWARD COOK, et al.,

    Defendants.

CASE NO.: 1:12CV930

Barrett, J.
Bowman, M.J.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's January 8, 2013 Report and Recommendation ("Report"). (Doc. 6). The Report recommends that Defendant Edward Cook's ("Cook") petition for removal be denied and that this Court remand the matter back to the state court.

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[1]  Cook has filed timely Objections to the Report. (Doc. 8).

## I. BACKGROUND

Plaintiff PNC Bank, National Association ("PNC") filed a complaint in foreclosure against Cook on November 2, 2011 in the Hamilton County, Ohio Court of Common Pleas. A judgment was entered against Cook on March 19, 2012, and on or about

---

[1]Notice was attached to the Report. (Doc. 6, p. 7).

December 3, 2012, Cook filed a notice of appeal to the Ohio Court of Appeals. He filed his motion to proceed in forma pauperis, along with his notice of removal, in this Court on December 5, 2012. (Doc. 1).

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the [M]agistrate [Judge]'s report has the same effect[s] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a *pro se* plaintiff will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

## III. ANALYSIS

In his petition for removal, Cook contends that he has been denied his due process and equal protection rights during the state court proceedings because PNC was "not proceeding in the manner required by the Code of Civil Procedure" and did not follow the rules of evidence requiring that evidence be authenticated prior to being admitted. (Doc. 4, pp. 3-4). Thus, he claims to have been dispossessed of his property

2

without due process of law. (*Id.*) He asserts that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1441, 1443, and 1446. (*Id.*)

The Magistrate Judge found that removal is improper for several reasons: (1) Cook's notice is time barred under 28 U.S.C. § 1446(b)(1); (2) Cook failed to demonstrate diversity of citizenship as required under 28 U.S.C. § 1441(b) because he is an Ohio resident; (3) no basis for federal question jurisdiction exists under 28 U.S.C. 1331; and (4) Cook failed to show any violation of a federal right to racial equality under 28 U.S.C. § 1443(1). (Doc. 6, pp. 1-5).

In his objections, Cook takes issue with the Magistrate Judge's finding that removal is not appropriate on any of the four grounds. (Doc. 8, p. 4). In addition, Cook raises several new reasons why he believes removal is appropriate, which include (1) supplemental jurisdiction under 28 U.S.C. § 1367; (2) joinder of claims under 28 U.S.C. 1441(c); (3) multi-party, multi-forum jurisdiction under 28 U.S.C. § 1441(e); and (4) civil rights issues under 28 U.S.C. § 1443(2).

The Court starts with Cook's objections to the specific issues addressed by the Magistrate Judge. First, in regards to the petition for removal being untimely under 28 U.S.C. § 1446(b)(1), Cook asserts no new arguments. Instead, he states only in a conclusory fashion that the Court has jurisdiction under that statute. The Court agrees with the Magistrate Judge that the petition for removal is time barred. A notice of removal must be filed within 30 days of receipt of an initial pleading. 28 U.S.C. § 1446(b)(1). Cook's own notice of removal states that he was "notified of [PNC's] Complaint after its filing in November of 2011." (Doc. 4, p. 2). Cook filed his motion for leave to proceed in forma pauperis, along with his notice of removal, on December 5,

2012. (Doc. 1). Thus, his notice was filed well beyond the thirty-day time period. The objection therefore is overruled.

Second, as to 28 U.S.C. § 1441(b), Cook again makes only conclusory statements as to the Court's jurisdiction under that statute. Given that the Magistrate Judge correctly determined that removal based of diversity jurisdiction was not proper because Cook is an Ohio resident and the case was filed in a state court in Ohio (Doc. 6, p. 3), this objection is overruled.

Third, Cook objects to the Magistrate Judge's conclusion that federal question jurisdiction does not exist in this case. Other than referencing the Magistrate Judge's Opinion and Order and the language of 28 U.S.C. § 1331, Cook provides no explanation as to why federal question jurisdiction exists in this case. Like the Magistrate Judge, we can discern no basis for federal question jurisdiction. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether an action has been properly removed to federal court, the district court must consider whether the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Where the well-pleaded complaint does not establish such a right, removal to a federal district court based on federal question jurisdiction is not proper. *Id.* It also is well-settled that a case may not be removed to a federal district court based on a federal defense to a complaint, "even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). PNC's state court complaint attached to Cook's notice of removal does not demonstrate that the case arises under the Constitution or laws of the United States. Cook's alleged federal defenses based on the denial of due process and equal protection rights during his state court proceedings are insufficient to support removal jurisdiction. *Caterpillar*, 42 U.S. at 393. This objection is therefore overruled.

Fourth, Cook's objection to the Magistrate Judge's conclusion that 28 U.S.C. § 1443(1) does not support removal jurisdiction is unavailing. Section 1443(1) is applicable "[o]nly when State laws violate 'equal civil rights' based on racial grounds . . . . Broad general allegations of deprivation are not sufficient to permit removal." *State of Ohio v. Denman*, 462 F.2d 1292, 1292 (6th Cir. 1972) (citing 28 U.S.C. § 1443(1)); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966). Cook's objections provide no argument or evidence that demonstrates any violation of a federal right to racial equality. Further, as the Magistrate Judge noted, his broad contentions under the Due Process and Equal Protection Clause do not support removal under Section 1443(1).

Turning now to the new arguments raised by Cook in his objections. To the extent those arguments were not raised in the petition, they are deemed waived because a party may not raise arguments for the first time in an objection to a magistrate judge's report and recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Nevertheless, even if the arguments are not waived, none of them provide a proper basis for removal of this case.

5

Both 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1441(c) (joinder of claims) require that the Court have original jurisdiction over a claim prior to exercising jurisdiction over other state claims. *See Ahearn v. Charter Twp.*, 100 F.3d 451, 456 (6th Cir. 1996). However, as stated above, the Court does not have original jurisdiction in this case. The objections related to those statutes thus are overruled.

As for 28 U.S.C. § 1441(e), it is inapplicable. This case is a foreclosure matter involving three defendants whereas Section 1441(e) concerns the removal of actions arising from a single accident where at least 75 natural persons have died in the accident at a discrete location. 28 U.S.C. § 1441(e); *see also* 28 U.S.C. § 1369. As such, that objection is overruled.

Likewise, 28 U.S.C. § 1443(2) does not provide a basis for removal because it is applicable only when the party is acting under "color of authority," or in other words, as an agent of the federal or state government. *See City of Greenwood v. Peacock*, 384 U.S. 808, 814-15, 824, n. 22 (1966); *see also Stapleton v. Butler County Comm'rs,* No. 1:09-cv-624, 2009 U.S. Dist. LEXIS 89480, at *5 n.1 (S.D. Ohio Sept. 10, 2009). No such allegations exist in this case, and the objection is therefore overruled.[2]

Finally, Cook appears to make other policy-based arguments for removal. Specifically, he suggests that the Court would deny his petition for removal because it "considers itself too busy." (Doc. 8, p. 3) (quoting *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 344 (1976)). He also alleges that the Ohio appeal process has created a "procedural stalemate" that can be alleviated only by removal to

---

[2] Further, the Sixth Circuit has indicated that, like Section 1443(1), removal under Section 1443(2) should be restricted to civil rights cases stated in terms of racial equality. *McQueary v. Jefferson Cnty.*, 819 F.2d 1142 (6th Cir. 1987). As explained in regards to Section 1443(1), Cook has not demonstrated any violation of a federal right to racial equality, and his objection should be overruled on that basis as well.

federal court. (Doc. 8, pp. 3-4). However, the Court notes that federal district courts are of limited jurisdiction, and neither Cook's petition for removal nor his objections provide a basis for exercising that jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, the Court is without power to remove Cook's case and his objections are overruled.

### IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report (Doc. 6) is **ADOPTED**, and Cook's Objections (Doc. 8) are **OVERRULED**. It is hereby **ORDERED** that:

1. The petition for removal of the state court action to this federal court is DENIED.
2. This matter is DISMISSED from the docket of this Court.
3. The matter is REMANDED back to the state court. *See* 28 U.S.C. § 1447(c).

Further, the Court certifies pursuant to 28 U.S.C. § 1915 that any appeal of this Order adopting the Report would not be taken in good faith, and therefore, Cook is denied leave to appeal *In forma pauperis*. Cook is advised that he remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part, Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                              s/ Michael R. Barrett
                                              Michael R. Barrett, Judge
                                              United States District Court